IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              CASE NO. 5:19-CR-50033

JODY DOUGLAS DAVIS and
PHILLIP VINCENT RIDINGS                                                    DEFENDANTS

## OPINION AND ORDER

On February 28, 2020, separate Defendant Jody Douglas Davis filed a Motion to Continue Trial (Doc. 59), and the Court set a hearing on March 4, 2020, to address this and other pending motions. At the hearing, the Court addressed the following motions: (1) Mr. Davis's Motion to Continue Trial (Doc. 59); (2) appointed counsel's Motion to Withdraw (Doc. 62); (3) an oral request to withdraw by Mr. Davis's newly retained counsel; and (4) the Government's Motion to Take Deposition to Preserve Testimony for Trial (Doc. 49). This written Order is intended to memorialize the Court's rulings from the bench; however, to the extent this Order contradicts the Court's rulings from the bench, this Order shall control.

### I. BACKGROUND

A short summary of the relevant procedural and factual background is necessary to explain the Court's rulings. On May 8, 2019, Mr. Davis and his co-defendant, Phillip Vincent Ridings, were named in an Indictment alleging that they engaged in wire fraud and money laundering (Doc. 1). They were both arraigned on June 5, 2019, filed financial affidavits, and were appointed counsel (Docs. 11, 17). On June 18, 2019, Mr. Ridings moved to continue the trial, which was set for July 10, 2019 (Doc. 24). Mr. Davis did not

1

oppose the request for a continuance, and the Court continued the trial for six months until, January 7, 2020 (Doc. 26).

After the Court granted the continuance, nothing more was filed until December 9, 2019, when Mr. Davis moved for a second continuance (Doc. 28). On December 12, 2019, the Court held a telephonic hearing with Mr. Davis's appointed counsel, Victoria Bruton, and she informed the Court that a continuance was necessary because Mr. Davis had only recently provided her with documents that she needed to review. The Court granted the continuance and postponed the trial until April 1, 2020, but the Court explicitly stated that it would not grant any further continuances. Mr. Davis subsequently moved for additional counsel, and Drew Miller was also appointed as counsel for Mr. Davis (Docs. 33, 35).

On January 15, 2020, the Government filed a Superseding Indictment (Doc. 38), dropping three counts against Mr. Davis from the original Indictment and alleging a new conspiracy count against both Mr. Davis and Mr. Ridings. The parties appeared to be preparing for trial, but then, on Friday, February 28, 2020, a new attorney—John Wesley Hall—entered his appearance on Mr. Davis's behalf and filed the latest Motion to Continue Trial (Docs. 58, 59). In Mr. Hall's entry of appearance and request for continuance, he stated that he could not appear at the April 1 trial; accordingly, the trial would need to be continued or Mr. Hall would have to withdraw (Doc. 58). On Monday, March 2, 2020, Ms. Bruton and Mr. Miller filed a Motion to Withdraw based on Mr. Davis's lack in trust in them. (Doc. 62).

On March 4, 2020, the Court held a hearing to take up Mr. Davis's Motion to Continue (Doc. 59). Mr. Davis, Ms. Bruton, and Mr. Hall appeared in person, and Mr.

2

Miller appeared telephonically. Further, Mr. Ridings appeared in person with his two attorneys, Jack Schisler and Joe Alfaro.

## II. DISCUSSION

### A. Motion to Continue the Trial

First, the Court addresses Mr. Davis's Motion to Continue the Trial (Doc. 59). Mr. Davis argues that Mr. Hall's schedule prohibits a trial before May 2020. For the reasons set forth below, the Court declines to grant a continuance to accommodate Mr. Davis's untimely retention of Mr. Hall.

While the Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney, that "right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice." *United States v. Jones*, 662 F.3d 1018, 1024 (8th Cir. 2011) (quoting *United States v. Vallery*, 108 F.3d 155, 157 (8th Cir. 1997)). "[T]rial courts are vested with broad discretion in matters of continuances for the purpose of substituting counsel." *United States v. Cordy*, 560 F.3d 808, 815 (8th Cir. 2009) (quotation omitted). "[A] trial court's discretion is at its zenith when the defendant endeavors to replace counsel shortly before trial." *Id.* at 817. "If a defendant's attempted exercise of his choice [of counsel] is dilatory, the trial court can require him to proceed with designated counsel." *Vallery*, 108 F.3d at 156 (quotation omitted).

The Court weighs the following factors to determine whether to grant a continuance:

(1) the nature of the case and whether the parties have been allowed adequate time for trial preparation;

(2) the diligence of the party requesting the continuance;

3

(3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

(4) the effect of the continuance and whether a delay will seriously disadvantage either party; and

(5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*Cordy*, 560 at 815–16 (quotation omitted).

First, the Court finds that Mr. Davis has had more than adequate time to prepare for the trial; the original Indictment was filed in May 2019, and the Court has already continued this case twice. To the extent Mr. Davis argues that the Superseding Indictment creates the need for additional preparation, the Court disagrees: The Superseding Indictment adds a new conspiracy charge against Mr. Davis, but it is based on the same course of conduct as the charges in the original Indictment. Second, the Court considers Mr. Davis's request for a continuance to be dilatory. The second continuance was necessary because Mr. Davis failed to provide his counsel with documents until a month before the second trial setting, and now, a month before trial, he asks for an additional continuance to accommodate his newly retained counsel. He has not acted diligently. The Court's conclusion is bolstered by information disclosed during the *in camera* portion of the March 4th hearing. Third, there is nothing in the record that indicates the Government has contributed to the need for a continuance. The fourth factor is essentially neutral: There is no evidence that a continuance would cause substantial prejudice to the Government or to the Defendants. Finally, the Court finds that Mr. Davis's desire to hire his own counsel—which is his constitutional right—a month before the trial does not constitute a sudden exigency or unforeseen circumstance that justifies a

4

continuance. Since four out of five of the factors weigh significantly in favor of denying the continuance, the Court **DENIES** Mr. Davis's Motion to Continue Trial (Doc. 59).

## B. Motions to Withdraw

There are two pending motions to withdraw before the Court: (1) Mr. Hall's oral motion to withdraw, which was contingent upon whether the Court denied Mr. Davis's request for a continuance and (2) Ms. Bruton and Mr. Miller's Motion to Withdraw (Doc. 62). As an initial matter, the Court **GRANTS** Mr. Hall's oral motion to withdraw, as he cannot attend the presently scheduled trial due to professional and personal conflicts.

Ms. Bruton and Mr. Miller's Motion to Withdraw (Doc. 62) presents a different issue. Ms. Bruton has been Mr. Davis's appointed counsel for the entirety of this case, and Mr. Miller was appointed in December 2019. For Ms. Bruton and Mr. Miller to withdraw, Mr. Davis must show "justifiable dissatisfaction" with them, "which can arise from irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation." *United States v. Trevino*, 829 F.3d 668, 674 (8th Cir. 2016) (quoting *United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011)) (quotations omitted). "Justifiable dissatisfaction requires more than 'frustration with appointed counsel's performance or disagreement with counsel's tactical decisions . . . . The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy.'" *Id.* (quoting *Taylor*, 652 F.3d at 908) (quotation omitted).

Unlike Mr. Hall, Ms. Bruton and Mr. Miller do not have a scheduling conflict; instead, they argue that they should be allowed to withdraw because "the client has indicated that he does not trust" them. (Doc. 62, p. 2). The Court probed this issue with

5

counsel in open court and with counsel and Mr. Davis *in camera*. Based upon the representations made by counsel and Mr. Davis, the Court finds that while there may be communication issues between Mr. Davis and his appointed counsel, those issues are the product of Mr. Davis's situation and do not constitute adequate grounds to allow Ms. Bruton and Mr. Miller to withdraw. Accordingly, the Court **DENIES** Ms. Bruton and Mr. Miller's Motion to Withdraw (Doc. 62).

### C. Motion to Depose Witness

Also before the Court is the Government's Motion to Take Deposition to Preserve Testimony for Trial (Doc. 49), to which no opposition has been filed. In this Motion, the Government asserts that "N.R." is a critical witness and that he has a conflict with the trial date. The Motion indicates that N.R. has purchased non-refundable international airfare and all-inclusive lodging for himself and his family and that he did so before the trial was set for April 1. The Government further requests that the deposition be presided over by the Court.

Federal Rule of Criminal Procedure 15 governs the use of depositions in criminal matters, and it does provide that "a prospective witness [may] be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). The Court may grant such a motion "because of exceptional circumstances and in the interest of justice." *Id.* Rule 15 also provides that "[t]he scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial." Fed. R. Crim. P. 15(e)(2). To determine whether the circumstances are "exceptional," courts consider whether: (1) the witnesses are unavailable; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would

6

make the deposition unjust to the non-moving party. *United States v. McGhee*, 495 F. Supp. 2d 1024, 1027 (D.S.D. 2007) (citing *United States v. Thomas*, 62 F.3d 1332, 1340–41 (11th Cir. 1995), *cert. denied*, 516 U.S. 1166 (1996)).

The Court concludes that allowing the Government to depose N.R. prior to the trial to preserve his testimony is justified by exceptional circumstances and is in the interests of justice. First, it is undisputed that N.R. will be unavailable at the April 1 trial as a result of his prior travel plans, and therefore this factor weighs in favor of allowing N.R.'s deposition. Additionally, it is undisputed that N.R. has testimony critical to the Government's case, so the second factor weighs in favor of allowing N.R.'s deposition. Finally, neither of the Defendants has objected to the deposition of N.R., so the Court has no basis to conclude that allowing N.R.'s deposition would be unjust to the Defendants. As all three factors weigh in favor of allowing N.R.'s deposition to go forward, the Court **GRANTS** the Government's Motion to depose N.R. prior to trial. Further, the Court **GRANTS** the Government's request to have the Court preside over N.R.'s deposition.

### III. CONCLUSION

For the reasons discussed above, the Court orders that:

1. Mr. Davis's Motion to Continue Trial is **DENIED** (Doc. 59);

2. Mr. Hall's oral motion to withdraw as counsel for Mr. Davis is **GRANTED**, and the Clerk of Court is **DIRECTED** to terminate Mr. Hall as counsel;

3. Ms. Bruton and Mr. Miller's Motion to Withdraw is **DENIED** (Doc. 62);

4. The Government's Motion to Take Deposition to Preserve Testimony for Trial is **GRANTED** (Doc. 49).

7

**IT IS SO ORDERED** on this 9th day of March, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

8