IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                              **PLAINTIFF**

V.                          **CASE NO. 5:19-CR-50033-TLB**

**JODY DOUGLAS DAVIS and**
**PHILLIP VINCENT RIDINGS**                                                                              **DEFENDANTS**

### ORDER

Before the Court is non-party Nadine King-Mays's Second Expedited Motion to Quash or Modify Subpoena (Doc. 164). As captioned, this is her second motion to quash the trial subpoena issued by this Court for her to testify in the trial that began on August 23, 2021. As to her first such motion, the Court denied it after Defendant Phillip Vincent Ridings represented that she had agreed to testify. *See* Doc. 162. Today, however, Ms. King-Mays has renewed her fight to quash the subpoena, arguing that: (1) the attorney-client privilege protects her testimony; (2) her testimony is not relevant; and (3) that her attendance at this trial is unduly burdensome. For the reasons discussed below, the Court finds these arguments unpersuasive and therefore **DENIES** the Motion (Doc. 164).

First, the *possibility* that Ms. King-Mays's testimony is privileged is not sufficient grounds to quash the subpoena. Moreover, the circumstances of this case suggest that Ms. King-Mays's clients—Mr. Ridings, Jody Davis, and Dragonfly Industries ("Dragonfly")—waived the privilege when they subpoenaed her to testify. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("It has long been the law that a client may waive protection of the privilege."); *see also* Fed. R. Crim. P. 501 ("The common law—as interpreted by the United States courts in the light of reason and experience—

1

governs a claim of privilege . . . ."). If any of her clients wish to assert the privilege, they will have the opportunity to do so when Ms. King-Mays takes the stand.

Second, the Court finds that Ms. King-Mays's expected testimony is necessary for Mr. Ridings's adequate defense. When faced with a motion to quash a subpoena issued under Federal Rule of Criminal Procedure 17(b), the defendant has the burden of establishing that the witnesses whose presence he seeks is necessary for an adequate defense. *See United States v. LeBeau*, 867 F.3d 960, 975 (8th Cir. 2017). Here, according to the Motion, Mr. Ridings hopes to elicit testimony from Ms. King-Mays regarding Dragonfly's incorporation, its applications to governmental agencies, and its solicitation of nonprofit businesses. She argues that this testimony is of limited probative value, but the Court disagrees. This testimony tends to show that Mr. Ridings made efforts to operate Dragonfly as a legitimate business, which supports his good faith defense. Accordingly, Ms. King-Mays's expected testimony is relevant and necessary for Mr. Ridings's adequate defense.

Finally, Ms. King-Mays argues that complying with the subpoena is unreasonable and oppressive. *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."). The Court is unconvinced. Ms. King-Mays was served with the subpoena on August 6th, more than two weeks before this trial began on August 23. She waited until the Friday before the trial commenced to file her first motion to quash, at which point Mr. Ridings informed her that he would not call her until the third week of trial. Apparently, Mr. Ridings waited until August 30th to inform her that she would be called on September 1, even though the Government indicated last week that it would likely rest on August 31st (which

it did).  In short, the scheduling efforts of Mr. Ridings and Ms. King-Mays are not paragons of professionalism.  The Court does not believe that Ms. King-Mays's Motion is promptly filed and, even if it were, travel from Dallas, Texas to Fayetteville, Arkansas is not so unreasonable or oppressive as to justify quashing the subpoena, especially since Ms. King-Mays has been under subpoena for nearly a month.  Accordingly, the Court **DENIES** the Motion (Doc. 164).

Regardless, the parties have informed the Court that Ms. King-Mays may testify remotely.  The Court has no quarrel with this approach.  Accordingly, Mr. Ridings may call Ms. King-Mays remotely when trial commences the morning of September 1, 2021.  Trial is scheduled to begin promptly at 8:30 a.m. Central Time.  To facilitate this arrangement, the Court will send Ms. King-Mays login information via electronic mail as soon as possible.

**IT IS SO ORDERED** on this 31st day of August, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3